IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN OBLAD,<br><br>    Plaintiff,<br><br>v.<br><br>BILLIE CASPER et al.,<br><br>    Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:18-CV-793 TS<br><br>District Judge Ted Stewart |

Plaintiff, Brian Oblad, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2020), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. The Complaint, (ECF No. 3), is now before the Court for screening. *See* 28 U.S.C.S. § 1915A (2020). Plaintiff names as defendants Utah Department of Corrections grievance coordinators Billie Casper and Lucy Ramirez. His claims are based on denial of grievances. He requests money damages.

### SCREENING ANALYSIS

#### A. Standard of Review

Claims in a complaint filed *in forma pauperis* are dismissed if they fail to state a claim upon which relief may be granted. *See id.* § 1915(e)(2)(B). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff proceeds *pro se* the Court construes the pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [Plaintiff] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

### B. Allegations of Unconstitutional Grievance Process

The Complaint alleges that when Defendants "chose to ignore prisoner [grievances] without any effort to resolve issues they create a liberty interest in the form of a[n] Eighth Amendment violation of cruel and unusual punishment . . . [and] due process." (ECF No. 3, at 2.) He further asserts that the inadequate UDOC grievance process violated his First Amendment rights. (*Id.* at 4.)

However, "there is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished). Moreover, grievance denial alone, not connected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Plaintiff's claims are thus dismissed.

## ORDER

**IT IS ORDERED** that the Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2020), for failure to state a claim on which relief may be granted. Neither liberal interpretation nor opportunity to amend would lead to a different result. This action is **CLOSED**.

DATED this 4th day of November, 2020.

BY THE COURT:

TED STEWART
United States District Judge